UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIPLEH PRODUCE, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>JESUS A. CABANILLAS,<br><br>          Defendant. | No. 2:22-cv-2185 TLN DB<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

This matter came before the undersigned on March 31, 2023, pursuant to Local Rule 302(c)(19), for hearing of plaintiff's motion for default judgment. (ECF No. 15.) Attorney Craig Stokes appeared via Zoom on behalf of the plaintiff. No appearance was made by, or on behalf of, the defendant. At that time, oral argument was heard and the motion was taken under submission. Having considered all written materials submitted with respect to the motion, and after hearing oral argument, the undersigned recommends that the motion for default judgment be granted as explained below.

**BACKGROUND**

Plaintiff's counsel commenced this action on December 7, 2022, by filing a complaint and paying the required filing fee. (ECF No. 1.) The complaint alleges that plaintiff Triple H Produce, LLC, sells wholesale quantities of perishable agricultural commodities. (Compl. (ECF ////

1

No. 1) at 1.¹)  Defendant Jesus A. Cabanillas is or was the person responsible for control of J & A Fresh Produce, LLC ("J & A Fresh Produce").  (Id. at 2.)  Defendant was engaged in the business of buying and selling wholesale produce interstate.  (Id.)  On March 25 and March 29, 2022, plaintiff sold and delivered to defendant wholesale produce amounting to $39,842.  (Id.)  Defendant did not pay plaintiff for the produce.  (Id.)  Pursuant to these allegations the complaint asserts a cause of action for breach of fiduciary duty and enforcement of statutory trust pursuant to the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499 *et seq.*  (Id. at 3-8.)

On January 4, 2023, plaintiff filed proof of service on the defendant.  (ECF No. 5.)  On January 16, 2023, plaintiff requested defendant's default.  (ECF No. 6.)  The Clerk entered defendant's default on January 19, 2023.  (ECF No. 7.)  Plaintiff filed the pending motion for default judgment on January 24, 2023, but noticed it for hearing before the assigned District Judge.²  (ECF No. 8.)

On January 25, 2023, plaintiff noticed the motion for hearing before the undersigned.  (ECF No. 12.)  On March 6, 2023, plaintiff filed proof of service of the motion on the defendant.  (ECF No. 14.)  The matter came for hearing before the undersigned on March 31, 2023.  (ECF No. 15.)  Attorney Craig Stokes appeared on behalf of the plaintiff.  No appearance was made by the defendant.

## LEGAL STANDARDS

### I.    Default Judgment

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Prods., 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Pope v. United States, 323 U.S. 1 (1944); Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also

////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] Plaintiff also filed an affidavit in support of the motion for default judgment.  (ECF No. 10.)

DirectTV v. Huynh, 503 F.3d 847, 851 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).

Where damages are liquidated, i.e., capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits, judgment by default may be entered without a damages hearing. Dundee, 722 F.2d at 1323. Unliquidated and punitive damages, however, require "proving up" at an evidentiary hearing or through other means. Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307, 310-11 (5th Cir. 1993).

Granting or denying default judgment is within the court's sound discretion. Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d. 1089, 1092 (9th Cir. 1980). The court is free to consider a variety of factors in exercising its discretion. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Among the factors that may be considered by the court are

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26).

## ANALYSIS

**I.  Jurisdiction**

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999). Here, the court has subject matter jurisdiction pursuant to PACA and personal jurisdiction over the defendant as a result of the defendant's commercial activities in California.

////

////

////

////

**II.     Plaintiff's Motion for Default Judgment**

       **A.     The Eitel Factors Favor Entry of Default Judgment**

       Examining the complaint and plaintiff's motion for default judgment in light of the Eitel factors, the undersigned finds that overall the Eitel factors weigh in favor of granting plaintiff's motion for default judgment.

              **1.     Possibility of Prejudice to the Plaintiff**

       The first Eitel factor contemplates the possibility of prejudice to the plaintiff if a default judgment is not entered. Eitel, 782 F.2d at 1471. Prejudice may be shown where failure to enter a default judgment would leave plaintiff without a proper remedy. Landstar Ranger, Inc. v. Parth Enterprises, Inc., 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010) (citing Pepsico, Inc. v. California Security Cans, 238 F. Supp.2d 1172, 1177 (C.D. Cal. 2010)).

       Here, without a default judgement plaintiff cannot attempt to recover payment owed for the produce provided to the defendant. As such, the first Eitel factor weighs in favor of granting default judgment on behalf of the plaintiff. See Tom Ver LLC v. Organic Alliance, Inc, Case No. 13-CV-3506-LHK, 2015 WL 6957483, at *7 (N.D. Cal. Nov. 11, 2015).

              **2.     Sufficiency of the Complaint and the Likelihood of Success on the Merits**

       The second and third Eitel factors are (1) the merits of plaintiff's substantive claim, and (2) the sufficiency of the complaint. Eitel, 782 F.2d at 1471-72. The court considers the two factors together given the close relationship between the two inquiries. Craigslist, Inc. v. Naturemarket, Inc., 694 F. Supp.2d 1039, 1055 (2010). These two factors will favor entry of default judgment where the complaint sufficiently states a claim for relief upon which the plaintiff may recover. PepsiCo, Inc., 238 F. Supp.2d at 1175; see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978).

       As noted above the complaint asserts that the defendant violated the provisions of PACA. (Compl. (ECF No. 1) at 8.) "PACA was enacted by Congress in 1930" with the aim of "preventing unfair business practices and promoting financial responsibility in the fresh fruit and produce industry." Farley and Calfee, Inc. v. U.S. Dept. of Agriculture, 941 F.2d 964, 966 (9th

Cir. 1991). "PACA establishes a nonsegregated trust in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller." In re San Joaquin Food Service, Inc., 958 F.2d 938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." In re Milton Poulos, Inc., 947 F.2d 1351, 1352 (9th Cir. 1991).

In this regard, produce "[d]ealers violate PACA if they do not pay promptly and in full for any perishable commodity in interstate commerce." Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 282 (9th Cir. 1997) (citing 7 U.S.C. § 499b(4)). "[I]ndividual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act." Id. at 283. However, "PACA plaintiffs must give dealers written notice of intent to preserve the benefits of the trust to recover under trust theories." Chong's Produce, Inc. v. Pushpak Restaurants Inc., Case No. 15-cv-4923 HRL, 2017 WL 990585, at *2 (N.D. Cal. Feb. 27, 2017); see also 7 U.S.C. § 499e.

Here, the complaint alleges that plaintiff was a PACA licensee. (Compl. (ECF No. 1) at 1.) That on March 25 and March 29, 2022, plaintiff sold and delivered wholesale produce to defendant in the amount of $39,842. (Id. at 3.) Plaintiff sent defendant invoices that contained written notice of the intent to preserve the benefits of the trust as required by 7 U.S.C. § 499e(c)(4). (Id.) Defendant did not pay plaintiff for the produce. (Id.)

Taken as true, the undersigned finds that the allegations of the complaint are sufficient to state a PACA claim. Accordingly, the undersigned finds that these two factors weigh in favor of granting default judgment.

### 3. Sum of Money at Stake

Under the fourth Eitel factor "the court must consider the amount of money at stake in relation to the seriousness of the defendant's conduct." PepsiCo, Inc., 238 F.Supp.2d at 1176-77. Where a large sum of money is at stake, this factor disfavors default judgment. Eitel, 782 F. 2d. at 1472. Here, plaintiff seeks a total award of $48,866.10. (Pl.'s MDJ. (ECF No. 8-1) at 7.) The

1   undersigned finds this amount is not so great as to weigh against entry of default judgment.  See
2   Tom Ver LLC, 2015 WL 6957483 at *10 (finding request for "$40,937.25 for unpaid produce,
3   $21,240.29 in interest, and $106,166.78 in attorney's fees and costs" reasonable); Family Tree
4   Produce, Inc. v. Bautista, No. SA CV 13-0364-DOC (MLGx), 2013 WL 6733576, at *4 (C.D.
5   Cal. Dec. 13, 2013) (finding $58,848.12 to be "proportionate"); Church Bros., LLC v. Garden of
6   Eden Produce, LLC, No. 5:11-cv-4114 EJD, 2012 WL 1155656, at *3 (N.D. Cal. Apr. 5, 2012)
7   (finding $212,259.21 to be "relatively small" amount of money at stake).

**4.     Possibility of Disputed Material Facts**

The fifth Eitel factor examines whether a dispute exists regarding material facts.  Vogel v. Rite Aid Corp., 992 F. Supp. 998, 1012 (2014) (citing PepsiCo, 238 F. Supp. 2d. at 1177; Eitel, 782 F.2d. at 1471-72).  As a result of defendant's default, all well-pleaded factual allegations made by plaintiff are now taken as true.  TeleVideo Systems, 826 F.2d at 917 (citing Geddes, 559 F.2d at 560).  Thus, there is no possible dispute of material fact that would preclude the granting of a default judgment in plaintiff's favor.  Accordingly, this factor weighs in favor of granting default judgment.

**5.     Whether the Default Was Due to Excusable Neglect**

The sixth Eitel factor contemplates whether defendant's default was due to excusable neglect.  PepsiCo, 238 F.Supp.2d at 1177; Eitel, 782 F.2d at 1471-72.  This factor gives consideration to due process, ensuring that defendants are "given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered."  Philip Morris USA, Inc. v. Castworld Productions, 219 F.R.D. 494, 500 (2003) (citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)).

It appears that the defendant has been repeatedly served with documents related to this action and has not participated.  (ECF No. 5; ECF No. 8 at 10; ECF No. 14.)  Under such circumstances the undersigned cannot find that the defendant's default was due to excusable neglect.  Accordingly, the undersigned finds that this factor weighs in favor of granting default judgment.

**6.     Policy of Deciding Cases on the Merits**

The seventh Eitel factor emphasizes the "general rule that default judgments are ordinarily disfavored." Eitel 782 F.2d at 1472. "Cases should be decided upon the merits whenever reasonably possible." Id. (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). However, defendant's refusal to participate in this action has rendered a decision on the merits impossible. Thus, this factor does not weigh against default judgment.

**7.     Summary of Eitel Factors**

In sum, upon consideration of all the Eitel factors the undersigned finds that plaintiff is entitled to a default judgment against the defendant and recommends that such a default judgment be entered. The undersigned therefore turns to plaintiff's requested relief.

**B.     Terms of Judgment**

Having found that granting plaintiff's motion for default judgment is appropriate, the undersigned must now address the issue of relief. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). Plaintiff's motion for default judgment seeks an award of $39,842 for the produce shipped to defendant, $3,199.15 in pre-judgment interest, attorney's fees and costs in the amount of $3,824.95, and post-judgment interest. (Pl.'s MDJ (ECF No. 8-1) at 6.) The requested judgment is consistent with the relief sought by the complaint. (Compl. (ECF No. 1) at 8.)

**1.     Unpaid Produce**

When a defendant violates PACA they are "liable to the person or persons injured thereby for the full amount of damages[.]" 7 U.S.C. § 499e(a). Here, plaintiff's complaint is supported by invoices billing defendant in the amount of $39,842 for the produce delivered. (Compl. Ex. A (ECF No. 1-1) at 2, 4.) Accordingly, the undersigned finds that plaintiff is entitled to an award of $39,842 for unpaid produce.

**2.     Pre-Judgment Interest, Attorney's Fees, and Costs**

"[I]n addition to the invoice value of unpaid produce, PACA permits a plaintiff to recover prejudgment interest as well as attorney's fees and costs if the contract between the plaintiff and the defendant stated that the defendant would be liable for interest, attorney's fees, and costs."

Tom Ver LLC, 2015 WL 6957483 at *12.  Here, plaintiff's invoices to defendant stated that the defendant would be liable for pre and post-judgment interest, reasonable attorney's fees, and costs.  (Compl. Ex. A (ECF No. 1-1) at 2, 4.)  "Because language contained in invoices regarding attorneys' fees and interest creates an enforceable contract" the defendant is "liable for attorneys' fees and interest."  Sequoia Sales, Inc. v. P.Y. Produce, LLC, No. CV 10-5757 CW (NJV), 2011 WL 3607242, at *8 (N.D. Cal. July 29, 2011).

The reasonableness of an attorney fee award is determined by the lodestar approach.  Jordan v. Multnomath County, 815 F.2d 1258, 1262-63 (9th Cir. 1987).  "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expected on the litigation by a reasonable hourly rate."  Camacho v. Bridgeport Fin., Inc., 523 F.3d 973, 978 (9th Cir. 2008); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Ferland v. Conrad Credit Corp., 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).  While the court has discretion to consider an upward or downward adjustment, the lodestar is presumptively reasonable.  Camacho, 523 F.3d at 978.  With respect to costs, "'[e]ven though not normally taxable as costs, out-of-pocket expenses incurred by an attorney which would normally be charged to a fee paying client are recoverable as attorney's fees.'"  Molina v. Creditors Specialty Service, Inc., No. CIV. S-08-2975 GEB GGH, 2010 WL 235042 at *4 (E.D. Cal. Jan. 21, 2010) quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1216 n.7 (9th Cir. 1986)).

Here, plaintiff seeks attorney's fees and costs in the amount of $3,824.95.  (Pl.'s MDJ (ECF No. 8) at 7-8.)  Plaintiff's request is supported by a declaration from attorney Craig Stokes and invoices.  (ECF No. 10.)  Courts in this district have found similar requests for attorney's fees and costs to be reasonable under the circumstances presented here.  See Underwood & Wong, Inc. v. Enriquez, No. 2:09-cv-1686 MCE JFM, 2010 WL 2889745, at *4 (E.D. Cal. July 21, 2010) (finding $4,537.00 in attorneys' fees and cost reasonable on PACA motion for default judgment); General Produce Co., Ltd. v. Alex R. Thomas & Co., No. CIV S-08-1084 JAM EFB, 2009 WL 1871678, at *6 (E.D. Cal. June 29, 2009) (finding request for $4,908.25 in attorney's fees and $530 in costs reasonable on motion for default judgment in PACA action).

////

Accordingly, the undersigned finds that plaintiff should be awarded pre-judgment interest, attorney's fees, and costs.

### 3.  Post-Judgment Interest

28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." "Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding." Id.  Plaintiff, therefore, is entitled by statute to post-judgment interest.

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's January 24, 2023 motion for default judgment (ECF No. 8) be granted;

2. Judgment be entered against defendant Jesus A. Cabanillas;

3. Plaintiff be awarded $46,866.10 for unpaid produce, pre-judgment interest, attorney's fees, and costs;

4. Plaintiff be awarded post-judgment interest pursuant to 28 U.S.C. § 1961; and

5. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 26, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB/orders/orders.civil/tripleh2185.mdj.f&rs